**The PEOPLE of the State of Colorado, Complainant,**

v.

**Gary T. POTTER, Attorney–Respondent.**

**No. 98SA165.**

Supreme Court of Colorado, En Banc.

Oct. 19, 1998.

Linda Donnelly, Disciplinary Counsel, James S. Sudler, Assistant Disciplinary Counsel, Denver, for Complainant.

William R. Gray, Boulder, for Attorney–Respondent.

PER CURIAM.

The hearing board in this lawyer discipline case recommended that the respondent, Gary T. Potter, receive a public censure for entering into a prohibited business transaction with a client. A hearing panel of the grievance committee approved the board's findings and recommendation. We accept the recommendations of the board and panel and publicly censure the respondent.

### I.

Gary T. Potter was admitted to practice law in this state in 1966. After conducting a hearing and considering the evidence presented, the board made the following findings by clear and convincing evidence.

In 1986, Charles Green retained Gary Potter, the son of his first cousin and good friend Ralph Potter, to prepare estate documents. Potter prepared a revocable trust, a pour-over will, and other estate planning documents for Charles Green. Potter and his wife and daughter became friends with Charles Green and his wife, Alice Green. After her husband's death in 1987, Alice Green hired Potter to draw up her will and other estate documents. Potter subsequently prepared a revocable trust, a pour-over will, an irrevocable trust, and two powers of attorney naming himself as attorney-in-fact and agent for Alice Green in her individual and trustee capacities. Potter and Alice Green were the co-trustees of the revocable trust.

After Potter began preparing the Greens' estate documents, his wife was diagnosed with cancer. She suffered a recurrence of the cancer in September 1990 and Potter believed that there would be insufficient health insurance to cover the recommended treatment. Alice Green expressed her concern to Potter regarding the treatment and costs of a proposed bone-marrow transplant. In November 1990,[1] Potter received a check payable to Alice Green in the amount of $19,314.41 representing the proceeds of a recently matured certificate of deposit. Potter brought the check to Green's home to obtain her endorsement and discuss reinvestment of the proceeds.

Potter testified that Alice Green was concerned with the financial burdens caused by his wife's illness and she offered to give the check to him as a gift. Potter further testified that he declined this offer, but asked her if he could borrow the money. He told her he would prepare a promissory note with an interest rate slightly in excess of the prevailing rate. According to Potter, he returned to his office with the endorsed check, prepared the promissory note, endorsed the check as trustee and deposited it into his own account.

The hearing board determined that the complainant had not proved by clear and convincing evidence that Alice Green did not consent to the loan. The board did conclude, however, that Potter failed to make full disclosure to Green of their differing interests prior to obtaining her consent for the loan. Potter admitted that he failed to disclose that he had declared bankruptcy in 1987; that he did not discuss a schedule of repayment or his expectations of the circumstances that would allow him to repay the loan; he did not provide Green with the promissory note evidencing the loan or any other contemporaneous writing confirming the loan; and he did not advise her to seek independent counsel prior to making the loan. Potter thereby violated DR 5–104(A)[2]:

A lawyer shall not enter into a business transaction with a client if they have differing interests therein and if the client expects the lawyer to exercise his [or her] professional judgment therein for the pro-

1. Although the hearing board's report states that the check was received in November 1989, the check itself is dated November 5, 1990, so we are assuming the correct year is 1990.

2. Because Potter entered into the loan transaction in 1990, the former Code of Professional Responsibility applied. After January 1, 1993, the effective date of the Rules of Professional Conduct, Colo. RPC 1.8(a) applies:

(a) A lawyer shall not enter into a business transaction with a client or knowingly acquire an ownership, possessory, security or other pecuniary interest adverse to a client unless:

(1) the transaction and terms on which the lawyer acquires the interest are fair and reasonable to the client and are fully disclosed and transmitted in writing to the client in a manner which can be reasonably understood by the client;

(2) the client is informed that use of independent counsel may be advisable and is given a reasonable opportunity to seek the advice of such independent counsel in the transaction; and

(3) the client consents in writing thereto.

Before a lawyer may now obtain the effective consent of a client to enter into a fair and reasonable transaction, the lawyer must: disclose the terms of the transaction to the client *in writing;* the client must be informed that it may be advisable to seek independent counsel, and the client's consent must be *in writing. See id.; see also People v. Foreman,* No. 98SA261, slip op. at 6–7, 1998 WL 743659, 966 P.2d 1064, 1065 (Colo. Oct.19, 1998) (applying the requirements of Colo. RPC 1.8(a) to a prohibited business transaction entered into in 1994).

tection of the client, unless the client has consented after full disclosure.

The hearing board found that although Potter did not have the conscious objective to deceive Green or to take advantage of her, he was aware of the circumstances and the consequences of his conduct. His mental state was therefore greater than one of negligence. The board also concluded that the complainant had not established the existence of either actual or potential injury from Potter's failure to make full disclosure.[3]

## II.

The hearing panel approved the findings and recommendation of the hearing board that Potter receive a public censure. Neither party has excepted to the panel's action.

The ABA *Standards for Imposing Lawyer Sanctions* (1991 & Supp.1992) (ABA *Standards*) provides that, in the absence of aggravating or mitigating factors, "[s]uspension is generally appropriate when a lawyer *knows* of a conflict of interest and does not fully disclose to a client the possible effect of that conflict, and causes injury or potential injury to a client." ABA *Standards* 4.32 (emphasis added). A public censure is the proper sanction if the lawyer is *"negligent* in determining whether the representation of a client may be materially affected by the lawyer's own interests, or whether the representation will adversely affect another client, and causes injury or potential injury to a client." *Id.* at 4.33 (emphasis added). Because Potter's actions went beyond mere negligence, a suspension is the presumed sanction. *See id.* at 4.32; *People v. Foreman,* 966 P.2d 1065, 1067 (Colo.1998).

The board noted two aggravating factors: Potter was motivated by some degree of self-interest, *see* ABA *Standards* 9.22(b); and he has substantial experience in the practice of law, *see id.* at 9.22(i). The mitigating factors are substantial, however. First, Potter has not been previously disciplined in thirty-two years of practice. *See id.* at 9.32(a). He

repaid the loan with appropriate interest, *see id.* at 9.32(d); he cooperated entirely with the Office of Disciplinary Counsel, *see id.* at 9.32(e); Potter has an otherwise good reputation and character, *see id.* at 9.32(g); and he has demonstrated remorse for his misconduct, *see id.* at 9.32(*l*). Finally, at the time he took the loan, he was experiencing personal and emotional problems on account of his wife's health and her need for a bone marrow transplant. *See id.* at 9.32(c).

Weighing the seriousness of the misconduct against the significant factors in mitigation, we agree with the hearing board and hearing panel that a public censure is an adequate sanction. Accordingly, we accept their recommendation.

## III.

Gary T. Potter is hereby publicly censured. It is ordered that Potter pay the costs of this proceeding in the amount of $2,358.75 within ninety days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 300 South, Denver, Colorado 80202–5435.

BENDER, J., does not participate.

---

**3.** Furthermore, the board determined that Potter did not violate either DR 1–102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation) or DR 6–101(A)(3) (neglecting

a legal matter), as charged in the complaint. The complainant has not excepted to these findings.